122 F.3d 1073
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Juan OSARIO-PU; Aleyda Concepcion Osario-Morales, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 96-71068, Aey-mfj-vnu, Azh-nmi-xxm.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 4, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Juan Osario-Pu and Aleyda Concepcion Osario-Morales, natives and citizens of Guatemala, petition pro se for review of the Board of Immigration Appeals' ("BIA") dismissal of Osario-Pu's appeal of an immigration judge's ("IJ") denial of his application for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a), 1253(h).[1] We have jurisdiction pursuant to 8 U.S.C. § 1105a, and we deny the petition.
 
 
 3
 Because the BIA clearly incorporated the IJ's decision, "we treat the IJ's statement of reasons as the BIA's and review the IJ's decision." Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). "The factual findings underlying the decision are reviewed for substantial evidence, and the IJ's determination should not be reversed absent compelling evidence of persecution." Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir.1995).
 
 
 4
 Osario-Pu contends that the IJ's finding that he neither suffered past persecution nor had a well-founded fear of future persecution on account of his actual and imputed political opinion is unsupported by substantial evidence. This contention lacks merit.
 
 
 5
 An applicant may be entitled to asylum if he establishes that he has suffered past persecution, or has a well-founded fear of future persecution, on account of political opinion. See 8 U.S.C. § 1101(a)(42)(A); Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). To demonstrate a well-founded fear, an applicant must present evidence that his fear is both subjectively genuine and objectively reasonable. See Acewicz, 984 F.2d at 1061. "The objective inquiry requires a showing by credible, direct and specific evidence of facts supporting a reasonable fear of persecution" on account of one of the enumerated grounds. Prasad v. INS, 47 F.3d 336, 338 (9th Cir.1995) (internal quotation and citation omitted).
 
 
 6
 Here, Osario-Pu testified that between 1990 and 1991, he received four letters from the guerrillas stating that they wanted to talk to him.[2] Osario-Pu characterized the letters as "threatening," yet he did not identify any particular threats. Although Osario-Pu alluded to other incidents, he provided no details regarding these incidents and conceded that he had no problems in Guatemala aside from the four letters. Thus, Osario-Pu failed to establish past persecution. See Acewicz, 984 F.2d at 1061; see also Fisher v. INS, 79 F.3d 955, 961 (9th Cir.1996) (en banc) (noting that persecution is an extreme concept); Prasad, 47 F.3d at 339 (stating that persecution is the infliction of suffering or harm upon those who differ in a way regarded as offensive) (citations and quotations omitted).[3]
 
 
 7
 Moreover, Osario-Pu presented no evidence to support a well-founded fear of future persecution. See Acewicz, 984 F.2d at 1061; see also Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995) (holding that mere apprehension is not sufficient to establish a well-founded fear). Osario-Pu acknowledged that he was never personally approached or even seen by the guerrillas.[4]
 
 
 8
 Because Osario-Pu failed to meet the less stringent standard for asylum, we also affirm the IJ's denial of his application for withholding of deportation. See Prasad, 47 F.3d at 340.
 
 
 9
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Osario-Pu's minor child, Aleyda, is a dependent-beneficiary on Osario-Pu's application for asylum and withholding of deportation
 
 
 [2]
 Osario-Pu testified that the letters were anonymous, but that they were signed "F-A-R," the initials allegedly used by the guerrillas
 
 
 [3]
 Even if Osario-Pu had established that he was persecuted, he still would not be eligible for asylum because he did not establish that he was persecuted on account of his political opinion, whether actual or imputed. See INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992); Sangha v. INS, 103 F.3d 1482, 1487 (9th Cir.1977)
 
 
 [4]
 In fact, Osario-Pu conceded that the primary reason he applied for asylum was to secure a work permit